IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA (Rural Development),<br><br>Plaintiff<br><br>v.<br><br>RAFAEL ANGEL MORGADO a/k/a RAFAEL A. MORGADO-COLON a/k/a RAFAEL MORGADO-COLON; ZULMARI GARCIA-ROSARIO, and the conjugal partnership constituted by both,<br><br>Defendants | CIVIL NO. 07-1869 (JP) |

**JUDGMENT BY DEFAULT**

The Court has before it Plaintiff's motion for default judgment (**No. 5**) against Rafael Angel Morgado a/k/a Rafael A. Morgado-Colón a/k/a Rafael Morgado-Colón, Zulmari García-Rosario, and the conjugal partnership constituted by both (collectively, "Defendants"). The motion is **GRANTED.** Upon Plaintiff's motion for judgment, and it appearing from the records of the above-entitled case that default was entered by the Clerk of this Court against Defendants on December 21, 2007 (No. 6) for their failure to plead or file an answer to the Complaint or otherwise appear in the above cause, Plaintiff is entitled to a judgment by default.

  **IT IS HEREBY ORDERED:**

CIVIL NO. 07-1869 (JP)        -2-

1.   On August 24, 2000, the original borrowers - the Defendants - subscribed a mortgage note for the principal amount of $85,402.88 with interest at the rate of seven and three eighths per cent per annum.

2.   Said mortgage note was subscribed in favor of or to the order of Rural Development, an agency and instrumentality of the United States of America.

3.   For the purpose of securing the payment of said note, a mortgage was constituted by Deed Number 33, dated August 24, 2000, before Notary Public Angel L. Rivera-Aponte, over the following real property:

> **URBANA: - Solar número diecisiete (17) radicado en la Urbanización "Villas de Cibuco" sito en el Barrio Cibuco del término municipal de Corozal, Puerto Rico, compuesta de OCHOCIENTOS SESENTA Y SEIS METROS CUADRADOS CON OCHENTA Y SIETE MILESIMAS DE OTRO (866.087 m.c.) en lindes por el NORTE, en una distancia de cincuenta y un metros con trescientos sesenta y ocho milésimas de otro (51.368) con el número dieciocho (18); por el SUR, en dos (2) alineaciones que suman sesenta y cuatro metros con tres mil ochocientos quince diez milésimas de otro (64.3815) con camino municipal; por el ESTE, en una distancia de ocho metros con seiscientos veintitrés milésimas de otro (8.623) con el solar número veintitrés (23); por el OESTE, en diez metros con novecientos once milésimas de otro (10.911) con el solar número dieciséis (16) por el NOROESTE, en doce metros (12.00) con la calle C y por el SUROESTE, en arco de cuatro metros con trescientos veinte milésimas de otro (4.320) y en una alineación de un metro con novecientos cuarenta y cuatro milésimas de otro (1.944) con la Calle C.**

CIVIL NO. 07-1869 (JP)              -3-

    Plaintiff's mortgage is recorded at page 18, volume 292 of Corozal, property number 14,220, third inscription, at the Registry of the Property of Barranquitas, Puerto Rico.

    4.   Defendant owners of record of this property have failed to comply with the terms and conditions of the mortgage contract and have refused to pay the stipulated monthly installments, in spite of Plaintiff's demands and collection efforts.

    5.   According to the terms and conditions of the mortgage contract, if default is made in the payment of an installment under the mortgage note, and said default is not made good prior to the due date of the next installment, the entire principal sum and accrued interest shall at once become due and payable at the option of the holder.

    6.   Defendants' indebtedness with Plaintiff is:

    a)   $85,079.19 of aggregate principal;

    b)   $37,836.64 of interest accrued as of August 7, 2007, and thereafter until its full and total payment, which amount increases at the daily rate of $17.19;

    c)   $641.32 of subsidy recapture;

    d)   $3,423.05 of Fees; and

    e)   Insurance premiums, taxes, advances, late charges, costs, court costs, disbursements, and attorneys' fees guaranteed under the mortgage obligation.

CIVIL NO. 07-1869 (JP)          -4-

    7.   Defendants, as debtors of the amounts prayed for in the Complaint, are hereby **ORDERED** to pay unto Plaintiff the amounts specified and set forth in the preceding paragraph, paragraph six.

    8.   In default of the payment of the sums herein specified or of any part thereof within the ten days from the date of entry of this Judgment, said property shall be sold by the U.S. Marshal of this Court at a public auction to the highest bidder thereof, without an appraisement or right of redemption for the payment and satisfaction of Plaintiff's mortgage within the limits secured thereby.

    9.   The U.S. Marshal of this Court shall make the sale mentioned herein in accordance with 28 U.S.C. Sections 2001 and 2002 and the applicable provisions of the Commonwealth of Puerto Rico Mortgage Law.  The notice of sale shall be published in a newspaper of general circulation once a week during four consecutive weeks. The amount of $85,000.00 shall serve as the minimum bid for the first public sale.  Should the first public sale fail to produce an award or adjudication, two-thirds of the aforementioned amount shall serve as the minimum bid for the second public sale.  Should there be no award or adjudication at the second public sale, the basis for the third sale shall be one-half of the amount specified as minimum bid for the first public sale.  The U.S. Marshal of this Court shall proceed to issue the corresponding notice of sale to be published in a newspaper of general circulation without the need of further orders

CIVIL NO. 07-1869 (JP)            -5-

or writs from this Court.  Such sale shall be subject to the confirmation of this Court.  Upon confirmation, the U.S. Marshal shall execute the corresponding deed of judicial sale to the purchaser and he shall be entitled to the delivery of the property sold and its physical possession, in accordance with law.  Said possession may be obtained through eviction of the occupant of the property without the need of further order of this Court if executed within sixty days from the confirmation of the public sale.

    10.  Any funds derived from the sale to be made in accordance with the terms of this Judgment and such further orders of this Court shall be applied as follows:

        a)   To the payment of all proper expenses attendant upon said sale;

        b)   To the payments of that part of the indebtedness owed to Plaintiff in the same order and for the amounts specified, and set forth in paragraph six;

        c)    If after making the above payments there shall be surplus, said surplus shall be delivered to the Clerk of this Court, subject to further orders of the Court;

        d)   In the case the proceeds from the said sale are not sufficient to cover the full amounts owing to Plaintiff, Plaintiff shall be entitled to a deficiency judgment against Defendants and shall have execution therefor.

CIVIL NO. 07-1869 (JP)        -6-

11.  The Property Registrar of the corresponding Property Registry of Puerto Rico shall proceed to the recording of the judicial sale deed in favor of the purchaser, free of any liens subsequent to the date of the execution of the foreclosed mortgage.

12.  Plaintiff in these proceedings may apply to this Court for such further orders as it may deem advisable to its interest in accordance with the terms of this Judgment and the Clerk shall proceed to issue of course all necessary writs to enforce and execute the same.  Fed. R. Civ. P. 77(a).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 10th day of January, 2008.

                                            s/Jaime Pieras, Jr.
                                               JAIME PIERAS, JR.
                                    U.S. SENIOR DISTRICT JUDGE